Eddie Roger RAMEY, et al., Plaintiffs,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 82–48–ATH.

United States District Court, M.D. Georgia, Athens Division.

July 26, 1984.

Leslie R. Stallknecht, Macon, Ga., Jerry O. Capes, Covington, Ga., for plaintiffs.

Joe D. Whitley, U.S. Atty., Macon, Ga., for defendant.

OWENS, Chief Judge:

This case is an appeal by an applicant who was denied social security disability benefits.

Vallie Mae Ramey (applicant) applied for social security disability benefits on October 7, 1980. The Social Security Administration denied her application both initially and on reconsideration. After a hearing was held, an administrative law judge (ALJ) decided that applicant was entitled to disability benefits. The Appeals Council reversed the administrative law judge's decision. Applicant appealed to this court. Applicant died while this case was pending, and her children were substituted as party plaintiffs.

The Appeals Council has the power to review the ALJ's decision on its own initiative, as it did here. 20 C.F.R. § 404.969 (1983). The Appeals Council's decision is the final decision of the Secretary. *See id.* § 404.981. This court is therefore reviewing the Appeals Council's decision and not the ALJ's decision.

The function of this court in reviewing the Secretary's decision is to determine whether there is substantial evidence in the record to support the Secretary's decision. *See* 42 U.S.C.A. § 405(g) (West 1983). It is imperative that this court scrutinize the record in its entirety to determine whether the Secretary's decision is reasonable. *Arnold v. Heckler,* 732 F.2d 881, 883 (11th Cir.1984). The opinion of the ALJ is part of the record which this court must consider. The ALJ observed the applicant in person and therefore is in a better position than the Appeals Council to judge the applicant's credibility. *See Universal Camera Corp. v. NLRB,* 340 U.S. 474, 496, 71 S.Ct. 456, 468, 95 L.Ed. 456 (1951). The credibility of the applicant is of some importance here. The Appeals Council's findings are given less weight in a case where they reject the ALJ's findings than in a case where they sustain the ALJ's findings. *Tucker v. Celebrezze,* 220 F.Supp. 209, 211 (N.D.Iowa 1963).

**1062**

At the time of the ALJ's decision, applicant was forty-eight years old. She had a ninth-grade education, and was last employed as a presser in a garments manufacturing company. Applicant's main impairment was high blood pressure. While this case was pending, applicant died as a result of a cerebral hemorrhage caused by the hypertension.

 In *Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984), the Eleventh Circuit set forth a tripartite burden of production scheme to apply to social security disability cases such as the present one where the Secretary used the age factor in the grids. First, the applicant must prove that he can no longer perform his past relevant work. *Id.* at 525. Second, if applicant carries his burden, the burden shifts to the Secretary to prove that applicant can perform substantial gainful activity that exists in the national economy. *Id.* To satisfy this burden the Secretary may use the age factor as applied in the grids as evidence of the applicant's ability to adapt to a new work environment, but this age factor is not conclusive. *Id.* Last, the applicant may proffer "substantial credible evidence" that his ability to adapt is less than the level established under the grids for persons his age. *Id.* If applicant makes this proffer of substantial credible evidence, the Secretary cannot rely on the age factor of the grids and must instead establish the applicant's ability to adapt to a new work environment by independent evidence. *Id.*

Applicant in the present case proved that she can no longer perform her past relevant work. The burden then shifted to the Secretary. The Secretary failed to prove that applicant can engage in substantial gainful activity. Numerous items of evidence in the record support the ALJ's decision that applicant's high blood pressure is disabling; this court need not recite all that evidence here. Therefore, the Appeals Council's finding that applicant can

engage in sedentary work is not supported by substantial evidence in the record.[1]

Having reviewed the record in its entirety, this court finds that plaintiff was disabled. The Secretary's decision to the contrary, being unsupported by substantial evidence, is hereby REVERSED. 42 U.S.C.A. § 405(g) (West 1983).

---

1. As part of her proof, the Secretary used the grids to show that applicant can adapt to sedentary work and thus can engage in substantial gainful activity. The ability to engage in at least sedentary work is a prerequisite to the use of the grids. Applicant cannot engage in sedentary work; therefore, the court does not reach the issue of the application of the grids.